STORM SEWERS: CHARGES: City may impose reasonable charges for storm sewer services based upon classification of premises in reference to storm water produced. Minn. Stat. § 444.075 (1992).

387-B-10

March 8, 1993

Mark J. Johnson
Delano City Attorney
Lang, Pauly & Gregerson
4400 IDS Center
80 South 8th Street
Minneapolis, MN 55402

Dear Mr. Johnson:

In your letter to Attorney General Hubert Humphrey III, you present substantially the following:

## FACTS

The City of Delano enacted a Storm Water Utility Ordinance pursuant to Minn. Stat. § 444.075 to handle storm water drainage problems in the City of Delano. The charges necessary to pay for the storm water system are assessed to the various improved parcels of property within the City. The land uses which are exempt from the storm water drainage fees include: public right-of-way, vacant, unimproved land with sufficient ground cover so as not to create any significant run-off as determined by the City Engineer, and land owned by the City.

The charges are based upon a study performed by Delano's consulting engineer, who developed a formula for determining storm water run-off from each parcel of property in the City. This formula focuses upon rainfall, soil type and percentage of impervious surface. These factors were then evaluated along with the financial requirements of the storm water system and a charge was developed for each parcel of property which was found to create storm water run-off. The standard residential charge, for example, was determined to be $2.00, which is then stated as a separate charge on the monthly water and utility bill.

You then ask substantially the following question:

## QUESTION

Is the fee system adopted by Delano in its Storm Utility Ordinance authorized under Minnesota law?

## OPINION

Subject to the qualifications noted below, we answer your question in the affirmative.

Minn. Stat. § 444.075 (1992) provides authority for municipalities to construct and maintain waterworks and sewage systems, specifically including storm sewer systems. Among the mechanisms authorized to pay for construction, improvement, maintenance and operation of such facilities, is a imposition of reasonable charges "for the use and for the availability of the facilities." Specifically Minn. Stat. § 444.075, subd. 3, provides in part:

> Charges made for service directly rendered shall be as nearly as possible proportionate to the cost of furnishing the service, and sewer charges may be fixed on the basis of water consumed, or by reference to a reasonable classification of the types of premises to which service is furnished, or by reference to the quantity, pollution qualities and difficulty of disposal of sewage and storm water produced, or on any other equitable basis including, but without limitation, any combination of those referred to above.

(Emphasis added).

Thus, it seems clear that the city is expressly authorized by statute to impose charges for storm sewers upon a reasonable classification of property which may be based upon, among other things, the amount of "storm water produced." We are aware of previous opinions which have expressed caution about imposition of special assessments in connection with drainage improvement projects where the assessments are not based upon special benefits to the property assessed. See, e.g., Ops. Atty. Gen 206a, August 28, 1978 and August 22, 1979. In the latter opinion, however, we expressed the view that changing concepts in permissible government regulation could support recognition of special assessments based upon a parcel of land's contribution to the problem addressed by the assessible improvement. Thus,

we suggested that special assessments may be permitted against lands which contribute water which is stored, handled or controlled by a watershed improvement.

Furthermore, courts in Minnesota and elsewhere have distinguished between the standards for imposition of special assessments and those for other authorized charges. For example, in Nordgren v. City of Maplewood, 326 N.W.2d 640 (Minn. 1982) the Minnesota Supreme Court upheld a substantial connection charge against property which which had previously been found not to be benefitted by the improvements in question. In holding that connection charges were separately authorized by Minn. Stat. § 444.075 and could be imposed notwithstanding, or in addition to, special assessments, the Court relied upon the previous decision in Crown Cork & Seal Co. v. City of Lakeville, 313 N.W.2d 196 (Minn. 1981) wherein the Court held that the lack of benefit to the plaintiff's property would be material in evaluating a special assessment under Minn. Stat. § 444.075, subd. 4, but was not a requirement for imposition of separate charges permitted pursuant to subdivision 3. The latter subdivision only requires that the charges be "just and equitable." Nordgren, 326 N.W.2d at 642. See also Grace Episcopal Church v. City of Madison, 385 N.W.2d 200 (Wis. App. 1986).

Therefore, it is our view, that the city is authorized to impose reasonable charges upon property for storm sewer services provided. Whether or not the specific formula developed by the city of Delano for fixing such charges is reasonable as applied to the particular properties is an issue of fact which is outside our opinion function. See, e.g., Op. Atty. Gen. 629a, May 9, 1975. As a general proposition, however, municipal rates and charges such as those authorized by section 444.075 will be presumed to be reasonable, with the burden of proving otherwise being upon the person asserting the unreasonableness of the charge. See, e.g., State of Iowa v. City of Iowa City, 490 N.W.2d 825 (Iowa 1992); County of Oakland v. City of Detroit, 265 N.W.2d 130 (Mich. App. 1978). Insofar as the charges in question are based

Mark J. Johnson
Page 4


upon an engineering study designed to evaluate storm water runoff from private property, it seems unlikely that they would be found unreasonable.

Very truly yours,

HUBERT H. HUMPHREY III
Attorney General


KENNETH E. RASCHKE JR.
Assistant Attorney General

KER:gpp